UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TREVOR S. ADAMSON,

     Plaintiff,

v.

DANIEL A. HORWITZ et al.,

     Defendants.

Case No. 25-00420
Honorable Laurie J. Michelson

## ORDER DIRECTING PAYMENT OF FILING FEE

On August 1, 2025, the Court entered an order (ECF No. 9) denying *pro se* plaintiff Trevor S. Adamson's application for leave to proceed *in forma pauperis* (ECF No. 2) without prejudice to the filing of an amended application. The Court explained that Adamson reported he was unemployed, had no monthly income, and expected major changes to his income during the next twelve months—but that he failed to "explain why or how much he expect[ed] in future earnings" and listed only two assets, no monthly expenses of any kind, and left much of the IFP application blank. (ECF No. 9, PageID.21.) "Without more specific information," the Court was unable to determine Plaintiff's "true net worth" and whether he was entitled to proceed as a pauper in this case. (*Id.* (citing *Towns v. Memphis/Shelby Cnty. Health Dep't*, No. 17-2626, 2019 WL 259437, at *2–3 (W.D. Tenn. Jan. 18, 2019)).)

The Court therefore instructed Adamson that "[b]y September 1, 2025, Adamson MUST either (1) submit an amended IFP Application or (2) pay the full the civil filing fee of $405.00." (*Id.* at PageID.22.) The Court specifically instructed

Plaintiff to provide "complete answers to all questions" asked on his IFP application, if resubmitted. (*Id*. at PageID.22 n.2.)

On August 29, 2025, Adamson filed a motion to seal his IFP application (ECF No. 10) and submitted an amended IFP application under seal (ECF No. 11). The Court denied that motion for failing to meet the requirements of Middle District of Tennessee Local Rule 5.03(c) and Sixth Circuit case law. (ECF No. 12.) It instructed Adamson that he was required to "properly file his amended IFP application by September 22, 2025" and that, if he failed to do so, "his case will be dismissed." (*Id*. at PageID.56.) That deadline has come and gone without Adamson submitting an amended IFP application. His case is thus subject to dismissal for his failure to comply with the Court's order.

What is more, even if the Court were to consider Adamson's improperly filed IFP application (ECF No. 11), it fails to comply with the Court's instructions as to what his amended application must include (*see* ECF No. 9). When asked to provide his monthly income sources *and amounts*, Adamson reports that he receives "[d]onations [for] food, gas etc.," but he does not say the amount of those donations. (*Id*. at PageID.59 (sealed).) He also refuses to provide the city and state of his legal residence, stating that "under the circumstances and tactics of the defendants [he] does not feel comfortable disclosing other than hearing with Judge." (*Id*. at PageID.62.) He also again leaves many sections of the application blank. (*But see* ECF No. 9, PageID.22 n.2 ("Any amended IFP Application should include complete answers to all questions therein. Adamson may attach additional pages if

necessary.").) The Court thus remains unable to determine whether Adamson is homeless (*see id.* at PageID.21 n.1 ("Since Adamson did not provide a residential mailing address, it is possible he does not list any household expenses because he is homeless. However, the Court will not make determinations based on speculation.")) and/or whether he has simply chosen not to provide the Court with needed information about his monthly household expenses and how he pays those expenses, *cf. Washington v. Berryhill*, No. 18-2385, 2018 WL 11260461, at *1 (W.D. Tenn. June 5, 2018) (finding that plaintiff "has not fully responded to the questions on the *in forma pauperis* application" and instructing that "0" is an appropriate answer if plaintiff does not have income or expenses in the categories designated on the form, while "'N/A' is a proper response [only] to questions that do not apply to plaintiff," such as questions that ask for amounts in bank accounts when plaintiff does not have a bank account, or questions that ask for names of persons to whom support is owed when plaintiff does not have any dependents).

Having twice failed to properly complete his IFP application—including having failed to submit an amended application that complies with the Court's prior order (*see* ECF No. 9) and having failed to comply with the Court's instructions to submit an amended application not under seal by September 22, 2025 (*see* ECF No. 12), Adamson will not be granted leave to proceed without prepaying fees and costs. His amended application (ECF No. 11), even if the Court were to accept it, is

3

DENIED. Accordingly, to proceed with this action, Plaintiff MUST submit the full civil filing fee[1] by **November 6, 2025**.

**Adamson is again warned that failure to comply with this Order will result in the dismissal of this action.**

SO ORDERED.

Dated: October 6, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

---

[1] As previously explained (ECF No. 9, PageID.22 n.3), this fee consists of a $350.00 filing fee and a $55 administrative fee. *See* 28 U.S.C. § 1914(a)–(b); *District Court Miscellaneous Fee Schedule*, U.S. Cts., provision 14 (eff. Dec. 1, 2023), https://perma.cc/8PVS-N7MY.