UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TREVOR S. ADAMSON,

    Plaintiff,

v.

DANIEL A. HORWITZ et al.,

    Defendants.

Case No. 25-00420
Honorable Laurie J. Michelson

## AMENDED ORDER DISMISSING PLAINTIFF'S COMPLAINT [1]

On October 6, 2025, the Court directed *pro se* plaintiff Trevor Adamson to submit the full civil filing fee by November 6, 2025. (ECF No. 13.)[1] As in its prior orders addressing his continued filing fee deficiency (*see* ECF Nos. 9, 12), the Court advised that "Adamson is again warned that failure to comply with this Order will result in the dismissal of this action" (ECF No. 13, PageID.68). Adamson's November 6 deadline has come and gone without his submission of the filing fee. He thus remains noncompliant with the filing requirements in 28 U.S.C. § 1915(a)(1) and has

---

[1] Prior, the Court denied Adamson's application for leave to proceed *in forma pauperis* (ECF No. 2) without prejudice to the refiling of an amended application and ordered Adamson to either submit an amended application with sufficient, complete answers or pay the full civil filing fee by September 1, 2025 (ECF No. 9). The Court denied Adamson's subsequent motion to seal his amended IFP application, struck that sealed IFP application, ordered Adamson to "properly file his amended IFP application by September 22, 2025," and warned that failure to do so would result in dismissal of his case. (ECF No. 12.) When Adamson had not filed anything by October 6, the Court ordered him to pay the full filing fee (and explained that, even his improperly filed IFP application were considered, it failed to comply with the Court's instructions on what an amended application must include). (ECF No. 13.)

failed—for a second time (*see* ECF No. 12)—to comply with the Court's deficiency order (ECF No. 13).

The Court thus DISMISSES WITH PREJUDICE[2] Adamson's case for failure to comply with the Court's orders and want of prosecution. *See Rogers v. City of Warren*, 302 F. App'x 371, 375 (6th Cir. 2008) (describing district courts' "sources of authority to dismiss a case for failure to prosecute": Federal Rule of Civil Procedure 16(f), "which permits dismissal under Fed. R. Civ. P. 37(b)(2)(A)(v) when a party or its attorney fails to appear at a scheduling or other pretrial conference"; Rule 41(b), "which permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a court order"; and "the court's inherent power to 'protect the due and orderly administration of justice, and maintain the authority and dignity of the court" (citation modified)); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (explaining that "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" entails the "inherent power" to *sua sponte* dismiss cases for lack of prosecution); *Gibbons v. Asset Acceptance Corp.*, No. 05-467, 2006 WL 3452521, at *1 (S.D. Ohio Nov. 29, 2006) ("[A]n action is subject to dismissal for want of prosecution where the *pro se* litigant fails to comply with the Court's orders or engages in a clear

---

[2] On November 20, 2025, the Court issued an order dismissing without prejudice Adamson's complaint for failure to comply with multiple court orders and for want of prosecution. (ECF No. 14.) The same day, Defendant Daniel A. Horwitz moved to alter or amend the judgment to instead dismiss Adamson's complaint with prejudice. (ECF No. 15.) For the reasons stated therein, the Court GRANTS the motion (ECF No. 15) and issues this amended order dismissing Adamson's complaint with prejudice. A separate judgment will follow.

2

pattern of delay." (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991))).

SO ORDERED.

Dated: November 25, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
